FILED

**NOT FOR PUBLICATION**

AUG 06 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN LASOFF,

Plaintiff-Appellant,

v.

AMAZON.COM, INC.,

Defendant-Appellee.

No. 17-35173

D.C. No. 2:16-cv-00151-BJR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted July 13, 2018
Seattle, Washington

Before: CLIFTON and NGUYEN, Circuit Judges, and BATTAGLIA,** District
Judge.

Steven Lasoff brought claims against Amazon for trademark infringement

and false advertising under the Lanham Act, monopolization under the Sherman

Act, and numerous violations under state law. The district court granted summary

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Anthony J. Battaglia, United States District Judge for
the Southern District of California, sitting by designation.

judgment in Amazon's favor on every claim. On appeal, Mr. Lasoff challenges the district court's grant of summary judgment as to the two Lanham Act claims.[1] We review a district court's grant of summary judgment de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).

We first turn to the infringement claim. The district court determined that Mr. Lasoff owns a valid and protectable trademark in the term "Ingrass." Mr. Lasoff argues that Amazon infringed that trademark by purchasing the term Ingrass as part of its keyword advertising program. But we have held that Amazon is permitted to use a trademarked search term to direct consumers to competing products, as long as the search results are clearly labeled. *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 937–38 (9th Cir. 2015). Mr. Lasoff did not provide any evidence that the search results here were not clearly labeled.

At oral argument, Mr. Lasoff argued that *Multi Time Machine* is distinguishable because it involved competing watches, while Mr. Lasoff's product is artificial turf. He argued that consumers are more easily confused in the turf market because the products are more similar than the items for sale in the watch

---

[1] At oral argument, Mr. Lasoff argued that the district court erred as to the state law claims. But that argument was not raised in Mr. Lasoff's briefing and is accordingly waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

market. We disagree. The question is whether consumers are confused by the search results, and those results display the trademarked product names. *Id.* at 937. The display of names in a set of search results is not made more or less confusing simply because the underlying products might be watches or turf.

Mr. Lasoff argued more generally that the law should be different and that most people he talked with agreed with him that what Amazon did was improper. We are not sure that his assertion is correct, but that is an argument that would need to be addressed to Congress. Mr. Lasoff would like to ask a jury to decide what the law should be, but that is not the function of a jury. A jury determines facts, based on the law as it is instructed by the court. Amazon's use of "Ingrass" in search engine advertising did not violate Mr. Lasoff's trademark under the law, and a jury could not change that.

Mr. Lasoff also argued that disputed facts should have precluded summary judgment. He noted that, before the district court, he contested the extent of Amazon's control over its keyword advertising program. According to Mr. Lasoff, this control was relevant to the question of whether Amazon's use of the Ingrass trademark was a "use[] in commerce" for purposes of the Lanham Act. 15 U.S.C. § 1125(a)(1). He also noted that he contested Amazon's argument that it was not liable because the keyword advertising program was "fully automated." But the

district court decided both of those issues in Mr. Lasoff's favor. Thus, Mr. Lasoff failed to establish the materiality of any purportedly disputed fact.

Finally, we turn to the false advertising claim. Mr. Lasoff's false advertising claim fails because it was duplicative of his infringement claim. *Compare* 15 U.S.C. § 1125(a)(1)(A), *with id.* § 1125(a)(1)(B); *see also Parks LLC v. Tyson Foods, Inc*, 863 F.3d 220, 226 (3d Cir. 2017) ("Parks's false advertising claim fails because it is essentially [an infringement] claim in disguise."). False advertising and infringement are two distinct bases of liability. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1384 (2014). False advertising claims are based on "false representations in advertising concerning the qualities of goods or services." *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992), *abrogated on other grounds by Lexmark Int'l, Inc.*, 134 S. Ct. 1377. Here, Amazon did not make any statements about the quality of Mr. Lasoff's products.

**AFFIRMED.**